IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

AUG 1 0 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY W.H. DEPUTY

| | |
|---|---|
| NORMAN JOE LANGFORD, | ) |
| Petitioner, | ) |
| vs. | ) No. CIV-09-258-W |
| JUSTIN JONES, Director, | ) |
| Respondent. | ) |

## ORDER

On July 9, 2009, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter and recommended that the Court deny the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Norman Joe Langford, proceeding pro se. Langford was advised of his right to object to the Supplemental Report and Recommendation, but he has not filed an objection within the allotted time.

After entering a "blind" plea of nolo contendere in the District Court for Grady County, Oklahoma, Langford was found guilty of Robbery in the First Degree, after two or more felony convictions.[1] A sentencing hearing was conducted, and Langford was sentenced to a term of life imprisonment on January 4, 2008. A subsequent attempt to withdraw his plea was unsuccessful.

In the instant Petition, Langford has asserted that his counsel was ineffective, that he entered his guilty plea unknowingly and involuntarily and that his sentence is excessive. Because these same claims were presented to, and denied by, the Oklahoma Court of

---

[1] Langford had six prior felony convictions.

Criminal Appeals ("OCCA") on direct appeal, Langford v. State, No. C-2008-150 (Okla. Crim. September 3, 2008), this Court may only grant habeas relief if the OCCA's adjudication of these grounds "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). Langford is therefore only entitled to federal habeas relief if he has demonstrated that the OCCA's adjudication of his claims "was 'legally or factually unreasonable.'" Gipson v. Jordan, 376 F.3d 1193, 1197-98 (10th Cir. 2004)(quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

Upon review of the record and after applying the foregoing standards, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. The OCCA's rejection of Langford's claims was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent.

Accordingly, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 17] issued on July 9, 2009;

(2) DENIES Langford's Petition file-stamped March 6, 2009; and

(3) ORDERS that judgment in favor of respondent Justin Jones, Director, issue forthwith.

ENTERED this 10th day of August, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE